AMERICAN ENERGY CONSULTANTS v HOFLEY
MANUFACTURING COMPANY

Docket No. 52254. Submitted June 9, 1981, at Detroit.—Decided
August 6, 1981.

American Energy Consultants submitted a dispute arising out of
a contract with Hofley Manufacturing Company to an arbitra-
tion panel pursuant to an arbitration provision in the contract.
At the arbitration hearing, Hofley sought to have a separate
dispute with American, arising out of a different contract,
submitted to the panel. The panel found in favor of American
in the original dispute but declined to rule on the second
dispute since it did not arise out of the dispute properly before
it. American subsequently moved in Macomb Circuit Court to
confirm the panel's award and Hofley filed a counterclaim
based on the second contract. The court confirmed the panel's
award and dismissed Hofley's counterclaim with prejudice,
John G. Roskopp, J. Hofley appeals. *Held:*

The record reveals that the lower court actually meant to
dismiss Hofley's counterclaim *without* prejudice and that its
dismissal *with* prejudice was a result of a mistake. Thus, in the
interests of judicial economy, the Court of Appeals rules that
the lower court properly confirmed the arbitration award but
dismissed Hofley's counterclaim *without* prejudice.

Affirmed.

APPEAL — CORRECTION OF ORDERS.

The Court of Appeals, in the interests of judicial economy, may
rule that a portion of an order of a lower court was entered
mistakenly and may correct the order to reflect the actual
intention of the lower court as appears on the record where the
order otherwise was entered properly by the lower court.

*Maybaugh, Wellman & Monnich,* for plaintiff.

*Peterson, Hay & Seay, P.C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
[1] 5 Am Jur 2d, Appeal and Error §§ 937-947.

Before: D. C. Riley, P.J., and Cynar and H. R. Gage,* JJ.

Per Curiam. Defendant appeals as of right from the trial court's dismissal of the defendant's counterclaim in a proceeding for confirmation of an arbitration award entered in favor of the plaintiff.

The plaintiff and defendant entered into two contracts. The first was a written contract by which the plaintiff was appointed as exclusive sales agent on behalf of the defendant. That agreement provided that, in the event of a dispute arising out of the contract, the parties agreed to be bound by the decision of an arbitration panel. A dispute did arise in which the plaintiff alleged that it was owed $8,426.90 by the defendant. That matter was submitted to an arbitration panel which found in favor of the plaintiff in that amount. The defendant does not contest the propriety of that award.

The second agreement entered into by the parties involved an oral contract by which the plaintiff agreed to draft a procedures manual for the defendant's manufacturing process. The defendant contends that the plaintiff negligently performed its duties pursuant to that contract and that the plaintiff's negligence caused the defendant to suffer damages in the amount of $10,644. The oral contract did not provide for arbitration. Neither party contends that these two contracts were in any way interrelated.

At the arbitration hearing held pursuant to the dispute which arose out of the written sales agency contract, the defendant sought to have the dispute resolved which arose out of the oral contract. The arbitrators declined to rule on that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dispute, finding that it did not arise out of the sales agency contract. The defendant does not contest the propriety of the arbitrators' decision in that regard.

After the arbitration award had been made, the plaintiff filed a motion to confirm the award in Macomb County Circuit Court, pursuant to GCR 1963, 769. The defendant filed a counterclaim based upon the manufacturing contract. On July 31, 1980, the court entered an order confirming the arbitration award and dismissing the defendant's counterclaim with prejudice.

Before dealing with the merits of this appeal, we note that there appears to be a discrepancy in the record which must be resolved. A trial court opinion entered on May 13, 1980, indicates that the trial court intended to confirm the award and that the counterclaim would remain in dispute. The record contains an order and judgment entered on June 9, 1980, confirming the arbitration award and acknowledging that the counterclaim was still in dispute. Subsequently, on July 31, 1980, a judgment was entered which again ordered defendant to pay plaintiff the arbitration award to which it was entitled. In addition, the July 31 judgment dismissed the counterclaim *with* prejudice.

Our review of the record and briefs leads us to believe that a mistake has been made and that the dismissal of the counterclaim was meant to be without prejudice.

It is a puzzle on one hand as to why the judgment signed by the trial court on July 30, 1980, which dismisses with prejudice the action identified as a counterclaim, was approved as to form by counsel for defendant. On the other hand, plaintiff's brief reasons that the trial court noted defendant was in no way prejudiced in its right to file a

suit against plaintiff but refused to entertain the "counterclaim" for the reason that it was not a counterclaim but a new suit. The plaintiff acknowledges that the trial court did not err in dismissing the counterclaim *without* prejudice.

In this case, the trial court, acting within its discretion, did not err in either confirming the arbitration award or dismissing the so-called "counterclaim". However, since the defendant did not have a judicial determination made on the merits of the action dismissed, rather than remanding the matter to the trial court, in the interests of judicial economy, we rule that the dismissal was without prejudice.

Affirmed as modified.